IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA


JAMES KNIGHT,                    )
                                             )
          Plaintiff,          )
                                             )
                                           )     CIV-13-1224-HE
v.                                )
                                           )
CAROLYN W. COLVIN,        )
  Acting Commissioner of Social     )
   Security Administration,        )
                                             )
          Defendant.        )


REPORT AND RECOMMENDATION

Plaintiff seeks judicial review pursuant to 42 U.S.C. § 405(g) of the final decision of

Defendant Commissioner denying his application for disability insurance benefits under Title

II and Title XVI of the Social Security Act, 42 U.S.C. §§ 416(I), 423. Defendant has answered

the Complaint and filed the administrative record (hereinafter TR___), and the parties have

briefed the issues. The matter has been referred to the undersigned Magistrate Judge for initial

proceedings consistent with 28 U.S.C. § 636(b)(1)(B). For the following reasons, it is

recommended that the Commissioner's decision be affirmed.

I. Administrative Proceedings

Plaintiff filed an application for disability insurance benefits on July 1, 2010. (TR 88).

Plaintiff alleged he became disabled beginning January 1, 2009, due to heart problems and bipolar disorder. (TR 88, 123, 184). In July 2010, Plaintiff completed a work history report and a function report describing his usual daily activities. (TR 133-148). Plaintiff completed a second function report in May 2011 and a third function report in December 2011. (TR 184-199).

Plaintiff's application was denied initially and on reconsideration. On September 29, 2011, Plaintiff requested an administrative hearing. (TR 30A-30B). The Social Security Administration's Office of Disability and Review ("ODAR") sent Plaintiff and his counsel, Mr. Mitzner, a notice of hearing dated January 25, 2013, advising Plaintiff that his administrative hearing was scheduled for February 19, 2013, in Oklahoma City, Oklahoma. (TR 55-68). In this notice, ODAR asked Plaintiff to "complete and return the enclosed acknowledgement form within 5 days of the date [he] received th[e] notice." (TR 56). The form provided Plaintiff the opportunity to state that he would be present at the hearing or provide reasons why he could not attend the hearing and request that the hearing be rescheduled. (TR 61).

The agency sent Plaintiff and his attorney a second notice of hearing dated February 5, 2013, in which the agency again requested that Plaintiff complete and return the acknowledgment form. (TR 86). The notice again advised Plaintiff of the date, time, and location of the scheduled administrative hearing and requested that he return the written acknowledgment form indicating he had received notice of the hearing.

Plaintiff did not appear at the scheduled hearing conducted before Administrative Law Judge Levine ("ALJ") on February 19, 2013. (TR 460-476). Plaintiff's attorney appeared,

however, and the following discussion was held on the record with regard to Plaintiff's absence:

> ALJ: Thank you. And show the time is 11:06. We're on the record to address the application filed by James Edward Knight. While we are starting late due to a computer glitch, Mr. Knight is not present, however his attorney Mr. Mitzner is present. And Mr. Mitzner, have you had contact with your client?
>
> ATTY: Yes, I did. . . . June of 2011.
>
> ALJ: All right. And what's the status, do you know?
>
> ATTY: We're coming up on two years. We haven't heard from him. . . . I looked in [the record] to see if maybe he'd been working, or there had been some comment, or whatever. You did have a more current address then we had, but funny thing about our mail, our mail does not come back to us, so it's not coming back, it's not getting returned, phone numbers all disconnected. I saw you had a place in Purcell that he had moved from his [Norman] address, which we didn't have, so I took that down, but still, nothing. It doesn't show he's working; don't know how to get a hold of him. Somebody that doesn't call me in two years, even with mental illness, probably doesn't care much about the case. Who knows.
>
> ALJ: I don't leap to those conclusions -
>
> ATTY: Well, I said who knows. . . . I don't. All I can do is tell you the truth on our trying to get a hold of him. We've sent him - we do 12 letters. At the twelfth letter we stop. We've sent 12 call-in letters, so -
>
> ALJ: Well, certainly we do not know where he is and stuff. At this point we will proceed with the hearing since the mail has not been returned. If it had been returned, I know the person in the room with me would have known about that, so - and since the reporter did not get information on that we will proceed with the gentleman's hearing. And the phrase used to be declared them nonessential witnesses and we'll go on. Show that we have in the record Exhibits 1 through 4A, 1 through 12B, specifically noting 12B is the notice of hearing. 1 through 9D, 1 through 13E, 1 through 18F. Any objection to the admission of any of the documents?
>
> ATTY: None, your honor.
>
> ALJ: We'll show those to be admitted.

(TR 462-464).

Following this exchange, the ALJ took the testimony of a medical expert and a vocational

3

expert. (TR 464-476). Plaintiff's attorney questioned the medical expert. (TR 469-470). Although given the opportunity to question the vocational expert, Plaintiff's attorney declined to do so. (TR 475).

On April 8, 2013, the ALJ issued a decision (TR 15-30) in which the ALJ summarized the discussion that was held on the record with Plaintiff's attorney during the hearing and found that Plaintiff "constructively waived his right to appear and testify at the February 19, 2013 hearing. In accordance with the provisions set forth in HALLEX 1-2-4-25D, the hearing scheduled on February 19, 2013, was held with the impartial medical expert . . . and the impartial vocational expert . . . appearing and testifying." (TR 15).

Following the agency's well-established five-step sequential evaluation procedure, and relying on the VE's testimony at the hearing, the ALJ found at step five that there are jobs in the economy that Plaintiff can perform despite his impairments. Based on the findings set forth in the decision, the ALJ concluded that Plaintiff was not disabled within the meaning of the Social Security Act.

Plaintiff's attorney requested review of the ALJ's decision, but Plaintiff did not sign the request for review of hearing decision/order. (TR 11). The agency's Appeals Council declined to review the decision. (TR 5-7). Therefore the ALJ's decision is the final decision of the Commissioner. See 20 C.F.R. § 404.981; Wall v. Astrue, 561 F.3d 1048, 1051 (10th Cir. 2009).

II. Standard of Review

In this case, judicial review of the final Commissioner's decision is limited to a determination of whether the ALJ's factual findings are supported by substantial evidence in the

record and whether the correct legal standards were applied.  Wilson v. Astrue, 602 F.3d 1136, 1140 (10th Cir. 2010); Doyal v. Barnhart, 331 F.3d 758, 760 (10th Cir. 2003).  "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  It requires more than a scintilla, but less than a preponderance." Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007).  The "determination of whether the ALJ's ruling is supported by substantial evidence must be based upon the record taken as a whole.  Consequently, [the Court must] remain mindful that evidence is not substantial if it is overwhelmed by other evidence in the record." Wall, 561 F.3d at 1052 (citations, internal quotation marks, and brackets omitted).

III. Plaintiff's First Claim of Error

In Plaintiff's opening brief, Plaintiff first asserts that there is not substantial evidence to support the Commissioner's final decision.  Plaintiff's brief is, however, devoid of substantive argument relevant to the ALJ's  decision or any references to evidence in the record.  In order to obtain judicial review of an issue implicated by a Commissioner's final decision, the plaintiff must do more than simply raise that issue. Murrell v. Shalala, 43 F.3d 1388, 1389 n. 2 (10th Cir. 1994)("[P]erfunctory complaints fail to frame and develop an issue sufficient to invoke [judicial] review.").  It is not this Court's role to develop the factual or legal bases of a plaintiff's argument for him. Threet v. Barnhart, 353 F.3d 1185, 1190 (10th Cir. 2003).  See Chrismon v. Colvin, 531 Fed. Appx. 893, 896 (10th Cir. 2013)(unpublished op.)(on judicial review "it is not our role to shore up [plaintiff's] argument for him . . . .")(citation omitted).  Thus, the Court should not address Plaintiff's first claim of error.

IV. Plaintiff's Second Claim of Error

Plaintiff's second and final claim is that the Commissioner deprived Plaintiff of due process. To support this claim, Plaintiff asserts that the ALJ did not comply with a provision of the Commissioner's Hearings, Appeals and Litigation Law Manual ("HALLEX"), 1-2-4-25D.[1] He contends that this directive requires the ALJ to provide written notice of the finding that a claimant has constructively waived his or her right to appear at an administrative hearing prior to entering a decision.

The relevant HALLEX provision provides:

> If an appointed representative appears at the scheduled hearing without the claimant . . . the ALJ may determine that the claimant has constructively waived the right to appear at the hearing if:
> • The representative is unable to locate the claimant;
> • The Notice of Hearing was mailed to the claimant's last known address; and
> • The contact procedures required by 20 C.F.R. 404.938 and 416.1438, as described in HALLEX I-2-3-20-C have been followed.
> . . .
> If the ALJ finds that the claimant has constructively waived the right to appear at the hearing, the ALJ need not proceed with the hearing and may choose to issue a decision on the record. However, if medical or vocational expert testimony is needed to resolve the case, the ALJ may choose to proceed with the hearing, accepting the testimony of the witness(es) and allowing the appointed representative to question the witness(es) and make arguments on the claimant's behalf.
> In any event, the ALJ will advise the appointed representative, EITHER ON THE RECORD DURING THE HEARING OR IN WRITING THEREAFTER, that he or she will not send a Request to Show Cause for Failure to Appear to the claimant because the claimant has constructively waived the right to appear at hearing. When done in writing, the ALJ must associate the writing with the

---

[1] HALLEX "is a set of internal guidelines for processing and adjudicating claims under the Social Security Act." Social Sec. Law Center, LLC v. Colvin, 542 Fed. Appx. 720, 722 n. 3 (10th Cir. 2013)(unpublished op.).

record.

http://www.socialsecurity.gov/OP_Home/hallex/I-02/I-2-4-25.html (emphasis added).

Furthermore, Plaintiff contends that he has shown "obvious" prejudice resulting from the HALLEX violation because his "testimony was important to his right to present his case. He also had the right to assist his Counsel in the examination of experts and to determine whether the file was complete or to advise if more evidence was available." Plaintiff's opening brief, at 5. Plaintiff admits that a HALLEX directive "does not have the force of law" but argues that the Commissioner must follow her own procedures.

In response to Plaintiff's due process claim, the Commissioner asserts that the relevant HALLEX provision relied on by Plaintiff is written in the disjunctive and directs that the ALJ either advise the representative on the record OR in writing after the hearing that she will not send notice because of the claimant's constructive waiver of his right to appear at the hearing. The Commissioner asserts that the ALJ fully complied with this HALLEX provision during the hearing when the ALJ and Plaintiff's attorney discussed Plaintiff's absence, the ALJ notified Plaintiff's counsel that the hearing would proceed without Plaintiff, and Plaintiff's attorney announced that he had no objection to the admission of the exhibits.

Further, the Commissioner contends that even if a violation of the HALLEX provision has been shown Plaintiff must show prejudice as a result of any such violation. The Commissioner argues that no prejudice has been shown in this case because Plaintiff's attorney was given the opportunity to question both of the expert witnesses during the hearing and Plaintiff's attorney did not object to conducting the hearing in Plaintiff's absence. Further, the

Commissioner points out that Plaintiff's attorney has not stated that Plaintiff responded to him after the hearing or offered any additional evidence that Plaintiff provided to him or even argued that such evidence exists.

Social Security proceedings are without doubt "subject to procedural due process considerations." Yount v. Barnhart, 416 F.3d 1233, 1235 (10th Cir. 2005). "A due process claim will not succeed, however, if the claimant fails to show prejudice," and prejudice requires a showing of the "likelihood of a different result." Mays v. Colvin, 739 F.3d 569, 573 (10th Cir. 2014). See Butterick v. Astrue, 430 Fed. Appx. 665, 668 (10th Cir. 2011)(unpublished op.)(assuming without deciding that court "can grant relief for prejudicial violations of the HALLEX provisions," and refusing to grant relief despite ALJ's failure to follow HALLEX provisions because plaintiff failed to show prejudice).

The HALLEX provision at issue states that an ALJ can either advise a claimant's representative on the record during the hearing or advise the representative in writing after the hearing that she will not send a Request to Show Cause for Failure to Appear to the claimant because the claimant constructively waived his or her right to appear at a hearing. In this case, the record shows that the ALJ and Plaintiff's attorney thoroughly discussed during the hearing Plaintiff's failure to respond to repeated written notices of the hearing, failure to return the written acknowledgment form or request that the hearing be rescheduled, and failure to respond to twelve written attempts by Plaintiff's attorney to get Plaintiff to call the attorney's office. The ALJ stated on the record that despite Plaintiff's absence the hearing would proceed with the testimony of expert witnesses and the evidence that was before the ALJ.

Plaintiff's attorney voiced no objection to the ALJ's decision to proceed with the hearing, and Plaintiff's attorney participated in questioning the medical expert witness and declined to question the vocational expert when given the opportunity to do so. Plaintiff does not contend that any additional evidence exists that Plaintiff would have proffered if given written notice after the hearing or that Plaintiff had even contacted Mr. Mitzner following the hearing to request the opportunity to submit additional evidence.

Under these circumstances, there is no showing that the ALJ violated the HALLEX provisions and, if a violation could be found, that any prejudice occurred as a result of the violation. Because Plaintiff's due process claim is wholly lacking in merit and is contrary to the record, the Commissioner's decision should be affirmed.

## RECOMMENDATION

In view of the foregoing findings, it is recommended that judgment enter AFFIRMING the decision of the Commissioner to deny Plaintiff's application for benefits. The parties are advised of their respective right to file an objection to this Report and Recommendation with the Clerk of this Court on or before   October 27th, 2014, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

This Report and Recommendation disposes of all issues referred to the undersigned

Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this _____6th_____ day of _____October_____, 2014.


GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE